```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TARASMATTI NAGESSAR,

                              Plaintiff,            REPORT &
                                                    RECOMMENDATION
            -against-
                                                    No. 24-CV-3458-PKC-JRC
ALLIANCE MORTGAGE BANKING CORP. and
DOES 1-10,

                              Defendants.
---------------------------------------------------------------------x
```

JAMES R. CHO, United States Magistrate Judge:

*Pro se* plaintiff Tarasmatti Nagessar ("plaintiff") brings this action against defendants Alliance Mortgage Banking Corp. ("Alliance") and various unidentified defendants to quiet title. *See* Compl., Dkt. 1. Since the filing of the Complaint on May 10, 2024, plaintiff has failed to serve Alliance or to otherwise take any other action to prosecute her claims. For the reasons described below, this Court respectfully recommends *sua sponte* dismissal of plaintiff Nagessar's claims without prejudice for failure to prosecute.

**Background**

On May 10, 2024, plaintiff commenced the instant action. *See* Dkt. 1. By Order dated May 16, 2024, this Court advised plaintiff that service of the Summons and Complaint must be completed by August 8, 2024. *See* Order dated 5/16/2024, Dkt. 5. This Court warned plaintiff that if she failed to effectuate service of the Summons and Complaint on defendants by August 8, 2024, this Court would recommend that the District Judge dismiss this action. *See id.*

By Order dated September 3, 2024, the Court *sua sponte* extended plaintiff's time to serve defendants until October 3, 2024. The Court again warned plaintiff that if she failed to effectuate service of the Summons and Complaint by October 3, 2024, the Court may

recommend dismissal of the action. *See* Order dated 9/3/2024.

On October 21, 2024, plaintiff filed an affidavit from a process server averring that she had been unable to serve defendant Alliance. *See* Dkt. 6. On October 25, 2024, this Court again *sua sponte* extended plaintiff's time to serve defendants until November 25, 2024. *See* Order dated 10/25/2024. In the Order, the Court again warned plaintiff that failure to serve defendants within the prescribed period may result in a recommendation that the case be dismissed. To date, plaintiff has not advised the Court whether she has served defendants by the November 25, 2024 deadline, nor has plaintiff otherwise taken any other action in this case.

## Discussion

"A district court has the inherent power to dismiss a case . . . for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Cuevas v. Ulmer*, No. 19-CV-4285, 2022 WL 4641606, at *3 (E.D.N.Y. Aug. 30, 2022) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2022 WL 4662169 (E.D.N.Y. Sept. 30, 2022); *see Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (recognizing that power of district court to dismiss for failure to prosecute is "explicitly sanctioned by Rule 41(b)" and "has generally been considered an 'inherent power'"). The Court may dismiss a case for failure to prosecute *sua sponte*. *See Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004). A Rule 41 dismissal is, however, a "harsh remedy" and thus is appropriate only in "extreme situations." *Lewis*, 564 F.3d at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Dismissal pursuant to Rule 41 is committed to the discretion of the district court. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97 (2d Cir. 2017); *Drake*, 375 F.3d at 254. To

determine whether to dismiss for lack of prosecution, courts consider the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  No single factor is generally dispositive.

*Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)); *see also Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008); *Jefferson v. Rosenblatt*, No. 13-CV-5918, 2018 WL 3812441, at *3 (E.D.N.Y. Aug. 10, 2018).  As discussed below, these five factors favor dismissal of this action.

First, inaction has caused undue delay in this case.  In fact, since May 2024, when the action was filed, other than one failed attempt to serve defendant Alliance, plaintiff has not taken any steps to prosecute this action.

By failing to take any action in this case, plaintiff has demonstrated her continued disinterest in pursuing her claims.  The first factor -- the delay caused by plaintiff's inaction -- weighs in favor of dismissal.  *See Ruzsa*, 520 F.3d at 177-78 (upholding dismissal where party caused seven-month delay); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (upholding dismissal where party caused six-month delay).

Second, the Court has repeatedly warned plaintiff that the failure to complete timely service of the Summons and Complaint may result in dismissal of her action.  *See* Orders dated 5/16/2024, 9/3/2024 and 10/25/2024.  The second factor weighs in favor of dismissal.

Third, any further delay would prejudice defendants.  Prejudice to defendants may be presumed where, as here, plaintiff has caused an unreasonable and inexcusable delay.  *See Drake*, 375 F.3d at 256-57; *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).

Defendants have the burden of defending this action as long as this case remains open. *See Rea v. Mut. of Omaha*, No. 16-CV-73, 2018 WL 3126749, at *3 (W.D.N.Y. June 26, 2018); *Keating v. Leviton Mfg. Co., Inc.*, No. 06-CV-6027, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009). The third factor weighs in favor of dismissal.

Fourth, the Court has a significant interest in managing its docket. *See Rea*, 2018 WL 3126749, at *3; *Keating*, 2009 WL 234654, at *2. This Court has provided plaintiff with ample opportunity to pursue this action and participate in these proceedings.

A sanction other than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford her unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (E.D.N.Y. Apr. 3, 2018).

Accordingly, this Court respectfully recommends that the District Court dismiss plaintiff's claims without prejudice for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Keating*, 2009 WL 234654, at *2.

## Conclusion

For the reasons set forth above, this Court respectfully recommends dismissal of the claims of plaintiff Tarasmatti Nagessar without prejudice *sua sponte*.

A copy of this Report and Recommendation is being mailed to plaintiff and Alliance Mortgage Banking Corp. Any objections to the recommendations made in this Report must be filed with the Honorable Pamela K. Chen within 14 days after the filing of this Report and Recommendation and, in any event, on or before **February 27, 2025**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to

4

appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
February 13, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge

5